UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRIAN S.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CIVIL NO. 1:21cv175 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423(a). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2

2. The claimant has not engaged in substantial gainful activity since January 1, 2016, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: cervical degenerative disc disease (status post-cervical fusion in December of 2015); lumbar degenerative disc disease; history of acute myocardial infarction (status post-stenting in February of 2018); coronary artery disease; and paroxysmal atrial fibrillation (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that: the claimant can never climb ladders, ropes, or scaffolds; the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; the claimant should avoid concentrated exposure to extreme heat and extreme cold; and the claimant can frequently handle, finger, and feel with his bilateral upper extremities.

6. The claimant is capable of performing past relevant work as an insurance sales agent. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2016, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 23-42).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed his opening brief on January 13, 2022. On March 24, 2022 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See*

3

*Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"?  (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

At the July 16, 2020 telephone hearing before the ALJ, Plaintiff testified that he was 59 years of age, he was a high school graduate, and he worked in the past as an insurance agent. (Tr. 54-55). He alleged that he was disabled because of the combined effects of multiple impairments, but his ability to work began deteriorating after he had surgery on his neck in 2016. (Tr. 58-59). He was also hospitalized for a heart condition, and he was an insulin dependent diabetic. (Tr. 58-60). He asserted that in recent years he was increasingly having difficulty with balance, stumbling, and falls which resulted in a head injury. (Tr. 61).

In an October 2018 report submitted in support of his application, Plaintiff alleged that he could not work due to a back and neck injury, diabetes, and depression. (Tr. 225). His medications included amlodipine, atorvastatin, Basaglar, clopidogrel, Eliquis, gabapentin,

4

hydrocodone, lorazepam, metoprolol, and pantoprazole. (Tr. 228, 277). He reported treatment for Barret's esophagus, carpal tunnel surgery on his left arm; a heart attack, back injury, diabetes, neck injury, depression, and heart stents. (Tr. 229-32). In March 2019, Plaintiff reported to SSA that he was experiencing moderately severe cognitive impairment, neuropathy, and medication side effects. (Tr. 273). Lifting, handling and fingering were allegedly limited. (Tr. 274). In other reports, Plaintiff mentioned insulin dependent diabetes, hypertension, chronic pain management, anxiety, GERD, neuropathy in his upper extremities, and hyperlipidemia as work-limiting impairments. (Tr. 276, 279).

      In a November 2018 report, Plaintiff alleged that he could "no longer drive as much or think well" and that pain interfered with sleep, dressing was difficult due to pain, he was fatigued after bathing, he dropped food when eating, and he had difficulty writing, driving, and handling paper due to pain and concentration deficits. (Tr. 249). Plaintiff asserted he was no longer able to accomplish house repairs and became fatigued with routine tasks like mowing. (Tr. 250). He further asserted that he was no longer able to engage in hobbies and interests, and he was not interested in engaging in social activities. (Tr. 252-53). On an SSA checklist form, Plaintiff indicated difficulty with lifting, bending, standing, hearing, climbing stairs, using his hands and with memory and concentration. (Tr. 253). Plaintiff believed he could sometimes lift up to 50 pounds but walking in the store was difficult and he tired easily. (Tr. 253). He also alleged that he was no longer able to handle stress, and he had developed unusually intense fear of being unable to pay his bills or requiring additional surgery. (Tr. 254).

      In Plaintiff's April 2019 report to SSA, he alleged increasing symptoms including difficulty counting change because he could not hold coins. (Tr. 295). He said his hands tended to

5

go numb more often which also made it difficult to handle dollar bills. (Tr. 296). He reported that he sold his 4-wheeler because he was no longer able to ride it, and he noted increasing irritability and having no friends. (Tr. 297). He reported difficulty handling stress and that changes in his routine were problematic. (Tr. 298). He was also worrying excessively about things like his car "quitting" or his roof needing repairs he could not afford. (Tr. 298). He asserted difficulty with writing, driving more than short distances, finding words and staying focused, dizziness, leg cramps while sleeping, unrelenting tiredness, difficulty tying things, and difficulty handling papers. (Tr. 299).

In support of remand, Plaintiff argues that the ALJ erroneously found that he could perform the mental and physical demands of his past relevant work (PRW) as an insurance agent without engaging in the analysis required by the Commissioner's regulations. At step four, the ALJ must determine whether the claimant has any past work that is relevant and if so, whether s/he can perform that work with the RFC supported by the record. *See* 20 C.F.R. § 404.1565(a); SSR 82-62.

At the hearing, Plaintiff testified that his job as an insurance sales agent required him to visit potential customers going door-to-door and giving a speech in an attempt to sell insurance policies. (Tr. 62-63). Plaintiff indicated that the heaviest amount of weight he would be required to lift or carry in his work was 20 pounds and he spent the majority of his day walking, standing, or driving. (Tr. 67-68).

The vocational expert (VE) was present during Plaintiff's testimony and indicated that she had reviewed the exhibits in Plaintiff's file pertaining to his work history to familiarize herself with Plaintiff's vocational background. (Tr. 70-71). The VE testified that Plaintiff's

6

past relevant work as an insurance sales agent was classified by the Dictionary of Occupational Titles (DOT) as physically light skilled work. (Tr. 71-72). Plaintiff's representative offered no objection to the VE's classification of Plaintiff's past work, nor did he ask any questions of the VE concerning that work. (Tr. 72). Based on the VE's testimony, the ALJ properly concluded that Plaintiff's past relevant work was performed at the light exertional level. (Tr. 42).

After determining that Plaintiff's past relevant work was performed at the light exertional level, the ALJ assessed Plaintiff's RFC and determined that he was capable of performing the exertional demands of light work with no climbing of ladders, ropes, and scaffolds; only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no concentrated exposure to extreme heat or extreme cold; and no more than frequent handling, fingering, and feeling with the bilateral upper extremities. (Tr. 33). The ALJ then presented the VE with a hypothetical incorporating the foregoing limitations. (Tr. 72-73). As noted above, based on this information, the VE concluded that such an individual could perform Plaintiff's past relevant work as an insurance sales agent. (Tr. 73). The ALJ sought Plaintiff's testimony regarding his past work responsibilities and asked the VE to classify the position. The VE's testimony provides substantial evidence that Plaintiff's past relevant work falls within the requirements of his RFC. SSR 82-62.

As the Commissioner notes, Plaintiff has failed to show that his impairments preclude him from performing the requirements of his past relevant work. Plaintiff offers generalized arguments about some of his impairments and speculative assertions about how the Bureau of Labor Statistics classifies the job of insurance sales agent in a general sense. However, as required by the regulations, the VE testified that an individual with Plaintiff's vocational profile

7

and RFC could perform his work as an insurance sales agent as he actually performed it and as defined by the DOT. No further considerations were required of the VE or the ALJ.

The ALJ's decision in this case was 23 pages in length and included an extensive analysis of each of Plaintiff's impairments and how those impairments, both individually and in combination with each other, impacted his ability to perform work. (Tr. 20-43). Plaintiff, however, claims that the ALJ failed to include "any meaningful weighing of the evidence" (Pl. Brief at 8). However, it is clear that the ALJ carefully weighed the evidence and this Court declines Plaintiff's invitation to re-weigh the evidence. *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000).

Plaintiff also claims that the ALJ failed to meaningfully consider the effect his impairments had on his ability to perform manipulative tasks and, in support, cites to evidentiary pages documenting his diagnoses. (Pl. Brief at 12). However, mere diagnoses are insufficient to establish the presence of functional limitations. In her decision, the ALJ considered Plaintiff's allegations of bilateral upper extremity pain and carpal tunnel syndrome, and concluded that, despite his difficulties, Plaintiff exhibited full range of motion in his bilateral wrists with intact sensation, no atrophy, and the ability to pick up a coin, button a shirt, zip a zipper, open a jar, tie his shoes, write with a pencil, and grip and grab objects. (Tr. 30, 721-722, 727-728). These findings support the ALJ's determination that Plaintiff could frequently handle, finger, and feel with his bilateral upper extremities. (Tr. 33).

Plaintiff further alleges that the ALJ ignored evidence of his mental limitations in determining his RFC. However, contrary to Plaintiff's argument, the ALJ's analysis of Plaintiff's alleged mental impairments, and their possible effect on his RFC, was very comprehensive. In

fact, the ALJ devoted no less than six single-spaced pages of her decision to a thorough analysis of Plaintiff's allegations of mental and cognitive impairments. (Tr. 23-29). In this analysis, the ALJ recounted Plaintiff's medical history and the findings of his treatment providers in ultimately concluding that his depressive disorder and generalized anxiety disorder no more than minimally impacted his ability to perform work activities during the relevant period in this case.

Plaintiff also alleges that the ALJ failed to consider the possible side effects of his various medications. This argument, however, is based on speculation as to the possible side effects some of Plaintiff's medications "are known to cause". Plaintiff makes no attempt to cite to evidence demonstrating that his medications actually caused any of these side effects. Thus, Plaintiff's argument is without merit.

As none of Plaintiff's arguments provide a basis for remand, the decision will be affirmed.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.

Entered: April 29, 2022.

s/ William C. Lee
William C. Lee, Judge
United States District Court