UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN S.[1], )
 )
   Plaintiff, )
 )
v. ) CIVIL NO. 1:21cv175
 )
KILOLO KIJAKAZI, Acting )
Commissioner of Social Security, )
 )
   Defendant. )

## OPINION AND ORDER

This matter is before the court on a motion to reconsider, filed by Plaintiff on May 27, 2022. The Commissioner has declined to file a response. For the following reasons the motion will be denied.

On April 29, 2022, this Court entered an Opinion and Order affirming the Decision of the Commissioner denying Plaintiff's application for Social Security Disability benefits. In his motion to reconsider, Plaintiff argues that the Court did not consider his arguments that the ALJ committed legal error by failing to be "non-adversarial", failing to develop the record, and failing to properly apply the "preponderance of the evidence" standard.

As the first two points seem to be the same, or at least related, they will be discussed first. Plaintiff asserted in his opening brief that the ALJ failed to make specific findings of fact regarding the physical and mental demands of Plaintiff's past work. The Court discussed this point in its Opinion and Order, on page seven, noting that "the ALJ assessed Plaintiff's RFC and determined that he was capable of performing the exertional demands of light work...." The Court also noted that "the VE concluded that such an individual could perform Plaintiff's past

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

relevant work as an insurance sales agent" and "[t]he ALJ sought Plaintiff's testimony regarding his past work responsibilities . . [t]he VE's testimony provides substantial evidence that Plaintiff's past relevant work falls within the requirements of his RFC." *Id*. The ALJ's decision in this case was very thorough. The ALJ spent ten single-spaced pages discussing Plaintiff's medical history and alleged impairments. Then the ALJ spent nine pages discussing her finding that Plaintiff remains capable of light work, which includes his past work as an insurance salesman. It is unclear what more Plaintiff expects. Plaintiff cites to 20 CFR § 404.1565(a) in support of his assertion that the ALJ was required to make specific findings of fact regarding his past work. However, that regulation simply states:

> (a) General. Work experience means skills and abilities you have acquired through work you have done which show the type of work you may be expected to do. Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied. If you have no work experience or worked only "off-and-on" or for brief periods of time during the 15-year period, we generally consider that these do not apply. If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work that you can now do. If you cannot use your skills in other skilled or semi-skilled work, we will consider your work background the same as unskilled. However, even if you have no work experience, we may consider that you are able to do unskilled work because it requires little or no judgment and can be learned in a short period of time.

Likewise, SSR 82-62, also relied on by Plaintiff, states:

> The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the

> skill level, exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.
>
> *   *   *
>
> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.
>
> *   *   *
>
> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.

Here, the ALJ performed a careful appraisal of Plaintiff's statements, the medical evidence, and the VE testimony. Additionally, the ALJ made a finding of fact as to Plaintiff's RFC, supported by nine pages of discussion, and determined that Plaintiff could perform light work. (Tr. 33-42). The ALJ also made a finding of fact that Plaintiff's previous work was light work and that he could return to his past work. (Tr. 42). As this Court concluded in its prior Opinion, nothing more is required. Plaintiff seems to imply that the ALJ must go through every detail of

3

Plaintiff's previous work to determine if he can return to his past work. However, a finding that he can perform light work, and that his previous work was light, is sufficient. Although SSR 82-62 explains what "adequate documentation" consists of, there is nothing to suggest that the documentation in this case was not adequate, or that more detailed information was appropriate in this case. Plaintiff did not have a particularly unique or strenuous job that would require more information than what was available to the ALJ. While the Court understands that Plaintiff disagrees with the ALJ's determination that he is capable of light work, this Court finds no legal error in the ALJ's analysis.

Plaintiff also states in his motion to reconsider that "the ALJ's failure to identify the amount of proof required for Mr. Snow to prevail . . . is harmful legal error." (Brief in support at 3). Plaintiff's argument meanders but Plaintiff's primary complaint seems to be that the ALJ did not have sufficient evidence before her to make her factual findings. However, as stated in this Court's earlier Opinion, it is the Plaintiff's burden to prove he is disabled. In his earlier briefing, without citing to any regulation or case law, Plaintiff stated that "the decision never discusses the preponderance of the evidence or the burden or proof...". (Opening Brief at 8). The undersigned has read more than a few ALJ decisions and doesn't recall ever seeing the words "preponderance of the evidence" in a decision. The ALJ is required to go through the five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ performed that task spectactularly in this case. Plaintiff implies that the preponderance of the evidence did not weigh in favor of denying disability. That is not a question this Court is permitted to consider. As the Court explained in its earlier Opinion, the standard of review is whether substantial evidence supports the ALJ's decision. That low threshold was more than

4

met here, and the Court will not reweigh the evidence.

## Conclusion

On the basis of the foregoing, Plaintiff's "Motion to Alter or Amend Judgment" [DE 30] is hereby DENIED.

Entered: June 29, 2022.

                                                s/ William C. Lee
                                                William C. Lee, Judge
                                                United States District Court